# Exhibit A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California
County of Alameda
12/03/2021
Chad Finke, Executive Officer / Clerk of the Court
By: _____ Xian-xii Bowie _____ Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SMILEDIRECTCLUB, INC.; and SMILEDIRECTCLUB, LLC; JEFFREY SULITZER; DOES 1-10,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ARNOLD NAVARRO, on behalf of himself and all others similarly situated,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* |
|---|---|
| Oakland - René C. Davidson Courthouse<br>1225 Fallon Street<br>Oakland, California 94612 | 21CV003537 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

BLAKE J. LINDEMANN; 433 N. Camden Drive, 4th Floor, Beverly Hills, CA 90210; (310) 279-5269; (310) 300-0267

| DATE:<br>*(Fecha)* | December 3, 2021 | Chad Finke, Executive Officer / Clerk of the Court | Clerk, by<br>*(Secretario)* | Xian-xii Bowie | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served



[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Smiledirectclub, Inc.

   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

For your protection and privacy, please press the Clear
This Form button after you have printed the form.

[ Print this form ]    [ Save this form ]      [ Clear this form ]

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
LINDEMANN LAW FIRM, APC
Blake J. Lindemann, SBN 255747
433 N. Camden Drive, 4th Floor, Beverly Hills, CA 90210
TELEPHONE NO.: (310) 279-5269   FAX NO. (Optional): (310) 300-0267
E-MAIL ADDRESS: blake@lawbl.com
ATTORNEY FOR (Name): Plaintiff . Arnold Navarro

**FOR COURT USE ONLY**

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**12/03/2021 at 03:56:49 PM**
By: Xian-xii Bowie, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: Same as above.
CITY AND ZIP CODE: Oakland, California 94612
BRANCH NAME: Oakland - René C. Davidson Courthouse

CASE NAME:
Arnold Navarro v. SmileDirectClub, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter | [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | **21CV003537** |
| | | | | JUDGE: |
| | | | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [X] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action (specify): 7
5. This case [X] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: December 3, 2021

Blake J. Lindemann
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courts.ca.gov |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

CM-010 [Rev. September 1, 2021]                    **CIVIL CASE COVER SHEET**                    Page 2 of 2

For your protection and privacy, please press the Clear
This Form button after you have printed the form.          [ Print this form ]   [ Save this form ]                    [ Clear this form ]

*Unified Rules of the Superior Court of California, County of Alameda*

F. ADDENDUM TO CIVIL CASE COVER SHEET

| Short Title: Arnold Navarro v. DirectSmileClub, Inc., et al. | Case Number: |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM

**THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE
SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

| | | [ ] Hayward Hall of Justice  (447) |
|---|---|---|
| [X] Oakland, Rene C. Davidson Alameda County Courthouse  (446) | | [ ] Pleasanton, Gale-Schenone Hall of Justice  (448) |

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) | | |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] | 34 | Auto tort (G) |
| | | **Is this an uninsured motorist case? [ ] yes [ ] no** | | |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] | 75 | Asbestos (G) |
| | Product liability (24) | [ ] | 89 | Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] | 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] | 80 | Civil rights (G) |
| | Defamation (13) | [ ] | 84 | Defamation (G) |
| | Fraud (16) | [ ] | 24 | Fraud (G) |
| | Intellectual property (19) | [ ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] | 38 | Wrongful termination (G) |
| | Other employment (15) | [ ] | 85 | Other employment (G) |
| | | [ ] | 53 | Labor comm award confirmation |
| | | [ ] | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] | 81 | Collections (G) |
| | Insurance coverage (18) | [ ] | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [X] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] | 94 | Unlawful Detainer - commercial | **Is the deft. in possession** |
| | Residential (32) | [ ] | 47 | Unlawful Detainer - residential | **of the property?** |
| | Drugs (38) | [ ] | 21 | Unlawful detainer - drugs | **[ ] Yes   [ ] No** |
| Judicial Review | Asset forfeiture (05) | [ ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] | 49 | Writ of mandate |
| | | **Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] Yes [ ] No** | | |
| | Other judicial review (39) | [ ] | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] | 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] | 19 | Enforcement of judgment |
| | | [ ] | 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] | 06 | Change of name |
| | | [ ] | 69 | Other petition |

202-19 (5/1/00)                                                                                                    A-13

**LINDEMANN LAW FIRM, APC**
BLAKE J. LINDEMANN, SBN 255747
DONNA DISHBAK, SBN 259311
433 N. Camden Drive, 4th Floor
Beverly Hills, CA 90210
Telephone:   (310) 279-5269
Facsimile:    (310) 300-0267
E-Mail:       blake@lawbl.com

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**12/03/2021 at 03:56:49 PM**
By: Xian-xii Bowie, Deputy Clerk

*Attorneys for Plaintiff and the Proposed Class*

## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| ARNOLD NAVARRO, on behalf of himself and all others similarly situated,<br><br>         Plaintiff,<br><br>v.<br><br>SMILEDIRECTCLUB, INC.; and SMILEDIRECTCLUB, LLC; JEFFREY SULITZER; DOES 1-10,<br><br>         Defendants. | Case No. 21CV003537<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR:**<br><br>1. **DECLARATORY RELIEF CONCERNING AVOIDANCE OF PATIENT CONTRACTS;**<br>2. **RESCISSION OF PATIENT CONTRACTS;**<br>3. **NEGLIGENCE;**<br>4. **BREACH OF FIDUCIARY DUTY;**<br>5. **UNFAIR BUSINESS PRACTICES [Cal. B&P Code §§17200, *et seq.*];**<br>6. **CONSUMER LEGAL REMEDIES ACT;**<br>7. **FRAUDULENT INDUCEMENT** |

Arnold Navarro ("Navarro" or "Plaintiff"), individually and on behalf of all others similarly situated, and the general public, complains and alleges as follows:

## I.   NATURE OF ACTION

1.     Plaintiff brings this Class Action Complaint for legal and equitable remedies based on Defendants' SmileDirectClub, Inc., SmileDirectClub, LLC, Jeffrey Sulitzer, and DOES 1-10 (collectively, "Defendants") operation of an enterprise engaging in the unauthorized practice of dentistry. Specifically, Defendants provide dental services to Plaintiff and Class Members without the care, supervision, oversight and legal necessity of having a licensed dentist involved in every step of providing medical services.[1]

2.     Defendants' California operation is estimated to be a $100 million-dollar unauthorized practice of dentistry enterprise, servicing approximately 100,000 California patients. Negative reviews and complaints have flooded messaging boards, online sites, and other places concerning the harmful effects of using Defendants' services and its teledentistry services to straighten teeth. Eager to "disrupt" modern health care services, Defendants have put the desire for profit ahead of the health of the general public.

## II.   VENUE

3.     Personal jurisdiction and venue are proper because Plaintiff and the proposed Class reside in California and maintain addresses with Defendants in the state of California. Defendants maintain "shops" throughout the State of California, and in this district, including without limitation, at 2140 South Shore Center, Alameda, California 94501.

## III.   PARTIES

4.     Plaintiff and the Class Members are residents, citizens, and patients of the State of California. Plaintiff has resided in the State of California at all times relevant to this action, and has maintained an address with a California address with Defendants. Plaintiff and the Class Members obtained Defendants' medical services for personal, family, and household purposes in that they

---

[1] https://news.bloomberglaw.com/health-law-and-business/smiledirectclub-loses-challenge-to-california-dental-board-rules. The Dental Board of California has classified Defendants' storefronts as illegal dentistry practices.

sought to straighten their teeth and improve appearance of their teeth. Plaintiff obtained Defendants'
services on or about May 28, 2020.  Plaintiff was harmed by Defendants' conduct, which included
without limitation, making false representations about the quality of services to be performed, and
misleading and violating consumer protection laws of California.  Plaintiff has had serious issues
with his bite, the placement of his teeth, and has sustained significant pain and injury based on
Defendants' services.

5.     Defendant SmileDirectClub, Inc. (referred to in this paragraph as "SDC, Inc.") and
Defendant SmileDirectClub, LLC (referred to in this paragraph as "SDC, LLC") collectively own
and operate a "teledentistry" company that does business online and at over 300 brick-and-mortar
retail locations across the United States.  SDC Inc. is a holding company. Its sole material asset is
its equity interest in SDC Financial which, through its direct and indirect subsidiaries, conducts all
of the Company's operations. SDC Financial is a Delaware limited liability company and wholly
owns SDC, LLC, a Tennessee limited liability company. Because SDC Inc. is the managing member
of SDC Financial, SDC Inc. indirectly operates and controls all of the business and affairs of SDC
Financial and its subsidiaries including of SDC Financial's wholly owned subsidiary SDC, LLC.
Thus, both Defendant SDC, Inc. and Defendant SDC, LLC "integrate[] the marketing" for the
"teledentistry platform" that is advertised and made commercially available through Defendants'
"direct-to-consumer model."

6.     Defendant Jeffrey Sulitzer DDS, is a dentist who represents his office according to
the Board of Dentistry at several addresses, including 1111 Broadway 3rd Floor, Oakland, CA
94607, Alameda County.  The status of this business license is presently listed as "cancelled."

7.     Plaintiff is ignorant of the true names and capacities of the Defendants DOES 1
through 10, inclusive, whether individual, corporate, associate, or otherwise, and therefore have
sued them by the foregoing names, which are fictitious.  Plaintiff asks that when their true names
and capacities are discovered that this Complaint may be amended by inserting their true names and
capacities in lieu of said fictitious names, together with apt and proper words to charge them. All
references to any named Defendants shall also refer to said Does.  When the true names and
capacities are ascertained, Plaintiff will amend this Complaint accordingly.  On information and

belief, Plaintiff alleges that each of the fictitiously named defendants was responsible in some manner for the acts and omissions alleged herein and are liable to Plaintiff herein.

**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

8.     The Defendants do not conduct an initial exam of Plaintiff and class members' mouths, gums, roots before a diagnosis and treatment plan is discussed with the patient.

9.     Defendants practiced dentistry by performing, or offering to perform, orthodontic diagnosis and the treatment of malposed teeth, which is the practice of dentistry as defined by Code section 1625, subsection (b).

10.    Defendants indicated that they would perform orthodontic treatment and construct, alter, repair, or sell orthodontic appliances, which is the practice of dentistry as defined by Code section 1625, subsection (c).

11.    Defendants managed or conducted as manager, proprietor, conductor, lessor, or otherwise, places where dental procedures were performed, which is the practice of dentistry as defined by Code section 1625, subsection (e).

12.    Defendants advertised, fabricated, manufactured and sold orthodontic appliances directly to consumers when the casts and/or impressions for the work had not been made or taken by any licensed dentists, and without any written authorization for the work by Defendants or any other dentist, which is the practice of dentistry as defined by Code section 1626, subsection (e).

13.    Defendants falsely represented that they wholly owned and entirely controlled the subject dental offices and mobile dental units of licensed dentists when they did not.

14.    Defendants falsely represented that smile could be fixed, and mouth could be fixed without in-patient care and without an initial exam, when that is not legal, nor practical.

15.    Plaintiff served a pre-suit Consumer Legal Remedies Act ("CLRA") letter via certified mail on certain Defendants on July 30, 2021.

16.    Defendants contend that they are under an arbitration agreement with Plaintiff and the Class Members.   Without conceding whether assent was obtained to any such agreement (Plaintiff has not received adequate and proper evidence of such fact), and expressly reserving the right to contest assent and to raise other issues as to whether the dispute must proceed in Court as an action for public injunctive relief, each of the Defendants, and there California stores, are

"clinics" pursuant to Health and Safety Code § 1200 because they provide "dental" services or treatment to patients who remain at the various stores less than 24 hours, and they may also provide diagnostic or therapeutic services to patients as an incident to care provided at the store facility.

17.   Because each of the Defendants are "clinics," they are "Health Care Providers" under *California Code of Civil Procedure § 1295(g)(1)*, which defines a "Health Care Provider" to include "any clinic…" and the "legal representative" of any health care provider.  Dr. Jeffrey Sulitzer who at times held a license at more than twelve California stores, was at relevant times, operating a clinic.[2]

18.   As a "Health Care Provider," the purported form arbitration agreement does not comply with *California Code of Civil Procedure § 1295(a), (b), (c),* or *(d)*.  For this reason alone, and other reasons to be addressed in an anticipated motion to compel arbitration that Plaintiff expects Defendants to file, the dispute must be litigated in Court, and the alleged arbitration agreement is wholly unenforceable as it pertains to this dispute.

19.   In addition, this action only seeks public injunctive relief, and specifically that the stores cease from  further operations without seeing patients prior to providing services or otherwise provide enhanced and improved medical services, and that they provide injunctive restitution in the amount of all monies paid by patients, and that they disgorge all monies, for the illegally operated dental practice.

## CLASS ALLEGATIONS

20.   Class Definition. Plaintiff brings this civil class action on behalf of himself individually and on behalf of all other similarly situated persons, as a class action pursuant to California Code of Civil Procedure § 382. The "Class" which Plaintiffs seek to represent is comprised of and defined as follows:

> All persons who maintain an address with Defendants in the State of California, at any time between December 3, 2017, and the present date, who did not disclaim California citizenship, who enrolled to receive Defendants' services.

21.   Excluded from the class are Defendants, their officers and directors, members of the

---

[2] https://www.cnbc.com/2020/02/19/smiledirectclubs-top-dentist-risks-losing-license-in-california-crackdown.html.

1  immediate families of the foregoing, legal representatives, heirs, successors, or assigns of the

2  foregoing, and any entity in which Defendants have a controlling interest.

3      22.    Plaintiff reserves the right to modify the definition of the Class (or add one or more

4  subclasses) after further discovery.

5      23.    Plaintiff and all Class members have been impacted and harmed by the acts of

6  Defendants or their affiliates, agents, or subsidiaries acting on their behalf.

7      24.    This Class Action Complaint seeks public injunctive relief and restitution in that

8  Defendants market through e-mails, that one can avoid the need for providing aligners. Further,

9  they denote a dollar sign next to Invisalign, and that conversely, there would be no corollary cost

10  with respect to Defendants' products and services.

11      25.    Defendants or any affiliates, subsidiaries, or agents of Defendants have acted on

12  grounds generally applicable to the Class, thereby making final injunctive relief and corresponding

13  declaratory relief with respect to the Class as a whole appropriate. Moreover, on information and

14  belief, Plaintiff alleges that the violations complained of herein are substantially likely to continue

15  in the future if an injunction is not entered.

16      26.    This action may properly be brought and maintained as a class action pursuant to

17  California Code of Civil Procedure 382 as a restitution class, or in the alternative, as an injunctive

18  relief class.   This class action satisfies the numerosity, typicality, adequacy, commonality,

19  predominance, and superiority requirements.

20      27.    On application by Plaintiff's counsel for class certification, Plaintiff may also seek

21  certification of subclasses in the interests of manageability, justice, or judicial economy.

22      28.    Numerosity. The number of persons within the California-only Class is substantial,

23  believed to amount to approximately 100,000 persons in the State of California. It is, therefore,

24  impractical to join each member of the Class as a named plaintiff. Further, the size and relatively

25  modest value of the claims of the individual members of the Class renders joinder impractical.

26  Accordingly, utilization of the class action mechanism is the most economically feasible means of

27  determining and adjudicating the merits of this litigation.

28      29.    Typicality. Plaintiff received medical treatment and services from Plaintiff on or

about May 28, 2020, and at other times. Consequently, the claims of Plaintiff are typical of the claims of the members of the Class, and Plaintiff's interests are consistent with and not antagonistic to those of the other Class members he seeks to represent. Plaintiff and all members of the Class have been impacted by, and face continuing harm arising out of, Defendants' providing the unauthorized practice of dentistry services as alleged herein.

30.     Adequacy. As the proposed Class representative, Plaintiff has no interests adverse to or which conflict with the interests of the absent members of the Class, and he is able to fairly and adequately represent and protect the interests of such a Class. Plaintiff has raised viable claims and equitable claims of the type reasonably expected to be raised by members of the Class and will vigorously pursue these claims. If necessary, as the litigation (including discovery) progresses, Plaintiff may seek leave to amend this Class Action Complaint to modify the Class definition set forth above, add additional Class representatives, or assert additional claims.  Plaintiff's counsel is experienced in handling class action claims and committed to prosecuting this action.

31.     Commonality and Predominance. There are well-defined common questions of fact and law that exist as to all members of the Class and predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from Class member to Class member and may be determined without reference to the individual circumstances of any Class member, include (but are not limited to) the following:

a)  Whether Defendants or affiliates, subsidiaries, or agents of Defendants, provided services or products that qualify as medical services;

b)  Whether Defendants or affiliates, subsidiaries, or agents of Defendants, provided services or products that qualify as dentistry services;

c)  Whether Defendants or affiliates, subsidiaries, or agents of Defendants, provided services and products that may only be performed by dentists licensed by the California Board of Dentistry;

d)  Whether Defendants or any affiliates, subsidiaries, or agents of Defendants should be enjoined from engaging in such conduct in the future;

e)  Whether Defendants or any affiliates, subsidiaries, or agents induced consumers into

1  using dental services and represented or implied, the level of care was the same as if

2  a licensed dentist was involved the entire time;

3  f)  Whether Defendants violated the California Consumers Legal Remedies Act, Cal.

4  Civ. Code § 1750 *et seq.*, by misrepresenting the nature of their services and products

5  provided.

6  32.  <u>Superiority</u>. A class action is superior to other available methods for the fair and

7  efficient adjudication of this controversy because the prosecution of individual litigation on behalf

8  of each Class member is impracticable. Even if every member of the Class could afford to pursue

9  individual litigation, the court system could not; multiple trials of the same factual issues would

10  magnify the delay and expense to all parties and the court system. Individualized litigation would

11  also present the potential for varying, inconsistent or contradictory judgments. By contrast, the

12  maintenance of this action as a class action, with respect to some or all of the issues presented herein,

13  presents few management difficulties, conserves the resources of the parties and the court system

14  and protects the rights of each member of the Class. Plaintiff anticipates no difficulty in the

15  management of this action as a class action. Class wide relief is essential to compel compliance with

16  only services performed by a licensed dentist, and thus protect consumers' privacy. The interests of

17  Class members in individually controlling the prosecution of separate claims is small because the

18  restitution recoverable in an individual action for violation of an action such as this, are relatively

19  small. Class members can be readily located and notified of this class action by reference to

20  Defendants' records and, if necessary, the records of Defendants' affiliates, agents, or subsidiaries.

21  33.  Additionally, the prosecution of separate actions by individual Class members would

22  create a risk of multiple adjudications with respect to them that would, as a practical matter, be

23  dispositive of the interests of other members of the Class who are not parties to such adjudications,

24  thereby substantially impairing or impeding the ability of such nonparty Class members to protect

25  their interests. The prosecution of individual actions by Class members could also establish

26  inconsistent results and/or establish incompatible standards of conduct for Defendants.

27  **CAUSES OF ACTION**

28  **FIRST CAUSE OF ACTION**

**(Declaratory Relief Concerning Avoidance of Patient Contracts)**

34.    Plaintiff realleges and incorporates herein by reference all of the allegations set forth in the preceding paragraphs as though fully set forth herein.

35.    In their agreement with plaintiff and patients of the proposed class ("Patient Contracts"), Defendants committed to providing certain medical services. A copy of Mr. Navarro's agreement is appended hereto.

36.    Specifically, as part of the contractual services provided, the Defendants do not conduct an initial exam of Plaintiff and class members' mouths, gums, roots before a diagnosis and treatment plan is discussed with the patient. Independently, the Defendants practiced dentistry under the patient contracts by performing, or offering to perform, orthodontic diagnosis and the treatment of malposed teeth, which is the practice of dentistry as defined by Code section 1625, subsection (b).

37.    As part of the contractual services provided, Defendants represent that they can perform orthodontic treatment and construct, alter, repair, or sell orthodontic appliances, which is the practice of dentistry as defined by Code section 1625, subsection (c).

38.    As part of the contractual services provided, Defendants managed or conducted as manager, proprietor, conductor, lessor, or otherwise, places where dental procedures were performed, which is the practice of dentistry as defined by Code section 1625, subsection (e).

39.    As part of the contractual services provided, Defendants advertised, fabricated, manufactured and sold orthodontic appliances directly to consumers when the casts and/or impressions for the work had not been made or taken by any licensed dentist and without any written authorization for the work by Sulitzer or any other dentist, which is the practice of dentistry as defined by Code section 1626, subsection (e).

40.    An actual case or controversy exists over whether the Patient Contracts are illegal contracts, void, unenforceable, void against public policy, and unenforceable because the Patient Contracts contemplating providing services and products that require a license, and no licensed dentist actually rendered care.

41.    California has a strong interest in protecting patients from unlicensed medical care.

42.     Accordingly, Plaintiff and the Class seek a declaratory judgment finding that the Patient Contracts are avoidable, void, illegal, unenforceable, and unconscionable in accordance with the above facts and law.

**SECOND CAUSE OF ACTION**

**(Rescission of Patient Contracts)**

43.     Plaintiff realleges and incorporates herein by reference all of the allegations set forth in the preceding paragraphs as though fully set forth herein.

44.     *California Civil Code Section 1689(b)(5)* provides that a contract may be rescinded "[i]f the unlawful contract is unlawful for causes which do not appear in its terms or conditions, and the parties are not equally at fault."

45.     *California Civil Code Section 1689(b)(6)* provides that a contract may be rescinded "[i]f the public interest will be prejudiced by permitting the contract to stand."

46.     The Corporate Practice of Medicine Doctrine (the "CPOM Doctrine") applies in California.

47.     California's anti-fee splitting ban is rooted in *Business and Professions Code Section 650(a)*. The statute prohibits physicians and other licensed professionals from offering or receiving rebates, refunds, commissions or other consideration, as compensation or inducement for the referral of patients, clients or customers to any person.  Here, several dentists including Mr. Sulitzer, and other DOE dentists, received rebates refunds and other consideration as compensation for inducement of referral of patients to Defendants business, and such consideration was not commensurate with the value of the services furnished by Mr. Sulitzer and the DOE defendants, nor the fair rental value of any premises or equipment eased or provided.

48.     At least 51% of the shareholders of a corporation providing medical services, must be medical professionals licensed to deliver the primary category of medical services provided by the professional corporation. *Moscone-Knox Professional Corporation Act*, CA Corps Code § 13401.5.

49.     In their agreement with plaintiff and patients of the proposed class, Defendants agreed to provide certain medical services.  A copy of Mr. Navarro's agreement is appended hereto.

50.     Specifically, as part of the contractual services provided, the Defendants do not conduct an initial exam of Plaintiff and class members' mouths, gums, roots before a diagnosis and treatment plan is discussed with the patient. Independently, the Defendants practiced dentistry under the patient contracts by performing, or offering to perform, orthodontic diagnosis and the treatment of malposed teeth, which is the practice of dentistry as defined by Code section 1625, subsection (b).

51.     As part of the contractual services provided, Defendants advise that they can perform orthodontic treatment and construct, alter, repair, or sell orthodontic appliances, which is the practice of dentistry as defined by Code section 1625, subsection (c).

52.     As part of the contractual services provided, Defendants managed or conducted as manager, proprietor, conductor, lessor, or otherwise, places where dental procedures were performed, which is the practice of dentistry as defined by Code section 1625, subsection (e).

53.     As part of the contractual services provided, Defendants advertised, fabricated, manufactured and sold orthodontic appliances directly to consumers when the casts and/or impressions for the work had not been made or taken by any licensed dentist and without any written authorization for the work by Sulitzer or any other dentist, which is the practice of dentistry as defined by Code section 1626, subsection (e).

54.     Based on the foregoing, the Patient Contracts are unlawful for causes which do not appear in the terms or conditions of the contract.  Specifically, the Patient Contracts concern the unauthorized practice of dentistry which is an unlawful cause that does not appear in the terms and conditions.

55.     Plaintiff and the Class are not equally at fault.

56.     Alternatively, and based on the foregoing, the public interest will be prejudiced by permitting the Patient Contracts to stand.

57.     The public interest will be prejudiced by permitting the Patient Contracts to stand because the public has an interest in obtaining quality medical treatment by licensed professionals.

1   In addition, the public interest will be prejudiced by permitting contracts involving unlicensed
2   dentistry clinics to stand.

3         58.    Alternatively, the Patient Contracts would prejudice the public, and are void, because
4   the contracting party is not properly licensed and incorporated under California Law as a
5   "professional" corporation, as it must, and 51% of the Defendants' corporations are not owned by
6   professionals licensed in California.

7         59.    Alternatively, the public interest would be prejudiced because Defendants and their
8   clinics, have violated *Business and Professions Code Section 650(a)*.

9         60.    As a result of the foregoing, the patient contracts must be rescinded, and Plaintiff and
10  the Class are entitled to injunctive relief in the form of correction of the foregoing violations,
11  restitution in the form of all monies paid by Plaintiff and the Class Members to the Defendants,
12  interest, costs, disgorgement, and attorney's fees.

13  **THIRD CAUSE OF ACTION**

14  **(Negligence)**

15        61.    Plaintiff realleges and incorporates herein by reference all of the allegations set forth
16  in the preceding paragraphs as though fully set forth herein.

17        62.    Based on the unauthorized practice of dentistry, Defendants were negligent in
18  rendering care to the Plaintiff and the Class Members.

19        63.    Specifically, the Defendants do not conduct an initial exam of Plaintiff and class
20  members' mouths, gums, roots before a diagnosis and treatment plan is discussed with the patient,
21  which is negligent.

22        64.    Independently, the Defendants practiced dentistry by performing, or offering to
23  perform, orthodontic diagnosis and the treatment of malposed teeth, which is the practice of
24  dentistry as defined by Code section 1625, subsection (b).  Providing such services without a license
25  falls below the standard of care, and renders Defendants liable on a strict liability basis.  Defendants
26  owed a duty to Plaintiff and the Class members because it undertook to provide medical services to
27  Plaintiff and Class members.

28        65.    The Defendants advise that they can perform orthodontic treatment and construct,

alter, repair, or sell orthodontic appliances, which is the practice of dentistry as defined by Code section 1625, subsection (c). Providing such services or rendering advice pertaining to such services, without a license, falls below the standard of care, and renders Defendants liable on a strict liability basis.

66.     The Defendants managed or conducted as manager, proprietor, conductor, lessor, or otherwise, places where dental procedures were performed, which is the practice of dentistry as defined by Code section 1625, subsection (e). Providing such services or rendering advice pertaining to such services, without a license, falls below the standard of care, and renders Defendants liable on a strict liability basis.

67.     The Defendants advertised, fabricated, manufactured and sold orthodontic appliances directly to consumers when the casts and/or impressions for the work had not been made or taken by any licensed dentist and without any written authorization for the work by Sulitzer or any other dentist, which is the practice of dentistry as defined by Code section 1626, subsection (e). Providing such services or rendering advice pertaining to such services, without a license, falls below the standard of care, and renders Defendants liable on a strict liability basis.

68.     The unlicensed work caused Plaintiff and the Class members to pay monies for services, and they were harmed by the unlicensed work and damages they sustained.

## FOURTH CAUSE OF ACTION

### (Breach of Fiduciary Duty)

69.     Plaintiff realleges and incorporates herein by reference all of the allegations set forth in the preceding paragraphs as though fully set forth herein.

70.     A relationship of special trust and confidence existed between Defendants, on the one hand, and Plaintiff and the proposed class members, on the other hand, by virtue of the Defendants' professed special skill, knowledge, and expertise, the relationship of mutual confidence, and the established course of dealing between them.

71.     As a result of this special relationship of trust and confidence existing between Defendants and Plaintiff and the proposed class members, defendants owed to plaintiff and the proposed class members a fiduciary duty of loyalty, utmost good faith, competence, and diligence.

72.     Because of their actions and omissions alleged here, including but not limited to the unauthorized practice of dentistry, Defendants breached their fiduciary duties to Plaintiff and the proposed class members, and failed to competently and diligently carry out his responsibilities.

73.     As a direct and proximate result of defendants' breach of fiduciary duties, plaintiff and the proposed class members have been damaged as described here, and are entitled to recover damages, as well as a disgorgement of monies retained by defendants.

## FIFTH CAUSE OF ACTION

### (Unfair Business Practices [Cal. B&P Code §§17200, *et seq.*])

74.     Plaintiff realleges and incorporates herein by reference all of the allegations set forth in the preceding paragraphs as though fully set forth herein.

75.     Defendants' acts and omissions alleged here violate the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq*. Section 17200 prohibits unfair competition by engaging in, among other things, any unlawful or unfair business acts or practices.

76.     California Business & Profession Code §2052(a) prohibits the practice of medicine without a valid license.

77.     Defendants committed acts of unfair competition, as defined by the Unfair Competition Law, by, among other things, engaging in the acts and omissions alleged in the Complaint. Also, defendants committed such acts and omissions with the intent and objective of deceiving consumers and putting profits ahead of patient care.

78.     Defendants do not conduct an initial exam of Claimant and class members' mouths, gums, roots before a diagnosis and treatment plan is discussed with the patient.

79.     Defendants practiced dentistry by performing, or offering to perform, orthodontic diagnosis and the treatment of malposed teeth, which is the practice of dentistry as defined by Code section 1625, subsection (b).

80.     Defendants indicated that it would perform orthodontic treatment and construct, alter, repair, or sell orthodontic appliances, which is the practice of dentistry as defined by Code section 1625, subsection (c).

81.     Defendants managed or conducted as manager, proprietor, conductor, lessor, or otherwise, places where dental procedures were performed, which is the practice of dentistry as defined by Code section 1625, subsection (e).

82.     Defendants advertised, fabricated, manufactured and sold orthodontic appliances directly to consumers when the casts and/or impressions for the work had not been made or taken by any licensed dentist (Sulitzer or otherwise) and without any written authorization for the work by Sulitzer or any other dentist, which is the practice of dentistry as defined by Code section 1626, subsection (e).

83.     As a direct and proximate result of defendants' acts and omissions alleged here, plaintiffs and the proposed class members have suffered and continue to suffer direct and substantial injury, and defendants received and continue to hold, and to unlawfully profit from, ill-gotten gains rightfully belonging to plaintiff and the proposed class members.

### SIXTH CAUSE OF ACTION

### (California Consumer Legal Remedies Act)

84.     Plaintiff realleges and incorporates herein by reference all of the allegations set forth in the preceding paragraphs as though fully set forth herein.

85.     By their actions and omissions alleged here, defendants engaged in unfair or deceptive practices or acts in their representation of plaintiff and the proposed class members, in violation of the California Consumers Legal Remedies Act. Specifically, and without limitation, defendants by providing services required to be licensed, and misrepresenting the corporate status of a company that had a licensed doctor: (1) misrepresented the source of their services in violation of Cal. Civ. Code § 1770(2); and (2) misrepresented the affiliation, connection, or association with the entity giving rise to the conflict of interest, in violation of Cal. Civ. Code § 1770(3).

86.     As a direct and proximate result of Defendants' violation of the California Consumers Legal Remedies Act, plaintiff and the proposed class members have been injured as described here. Defendants have acted in bad faith, and have shown willful misconduct, malice, fraud, wantonness, or oppression or that entire want of care which would raise the presumption of conscious indifference to consequences. As a direct and proximate result of defendants' actions and

1   omissions alleged here, plaintiff and the proposed class members have been injured, and are entitled

2   to injunctive relief.

### SEVENTH CAUSE OF ACTION

### (Fraudulent Inducement)

5       87.    Plaintiff realleges and incorporates herein by reference all of the allegations set forth

6   in the preceding paragraphs as though fully set forth herein.

7       88.    Defendants falsely represented to the Class that a licensed dentist wholly owned and

8   entirely controlled the subject dental offices and mobile dental units when he did not.

9       89.    Defendants performed or otherwise permitted orthodontic treatment on persons who

10  were not his patient of record and/or allowed the construction of orthodontic appliances without any

11  written authorization for the work by Defendant or any dentist working under him.

12      90.    Defendants falsely represented that smile could be corrected or fixed, and that class

13  members' teeth could be fixed and straightened without in-patient care and without an initial exam.

14      91.    When Defendants made these representations, they had no reasonable ground for

15  believing them to be true.

16      92.    Defendants made such material misrepresentations with the intention of inducing

17  Plaintiff to undergo unnecessary dental surgeries and other radical and invasive dental treatment, all

18  to Plaintiff's detriment.

19      93.    Plaintiff, was ignorant of the falsity of Defendants' representations perceived and

20  made on or about the time of treatment of May 2020, and believed them to be true. In justifiable

21  reliance on these representations, Plaintiff was induced to undergo treatment, all of which Plaintiff

22  would not have agreed to had he known the actual facts.

23      94.    As a proximate result of the misrepresentations made by Defendants, Plaintiff has

24  sustained injury to his health, strength and activity, all of which injuries have caused, and continue

25  to cause, Plaintiff great mental, physical and nervous pain and suffering.

26      95.    As a further proximate result of the misrepresentations made by Defendants, Plaintiff

27  has sustained, and will continue to sustain, serious and permanent physical and emotional injuries,

28  all to Plaintiff's general damage in an amount according to proof.

96.     As a further proximate result of the misrepresentations made by Defendants, Plaintiff has incurred medical, hospital, psychological and related expenses in an amount according to proof.

97.     As a further proximate result of the misrepresentations made by Defendants, Plaintiff will in the future incur medical, hospital, psychological and related expenses, the exact nature and extent of which are currently unknown to Plaintiff.

98.     As a further proximate result of the misrepresentations made by Defendant, and each of them, Plaintiff has sustained loss of earnings and loss of earning capacity, the exact nature and extent of which are currently unknown to Plaintiff.

99.     Defendant Sulitzer is subject to disciplinary action for unprofessional conduct under Code section 1680, subdivision (w), in that he used fraud in the procurement of permits issued pursuant to the Dental Practice Act, Code sections 1600, *et seq.*

100.    Specifically, when applying for FNPs for various dental offices located throughout California, Mr. Sulitzer represented under penalty of perjury that he wholly owned and entirely controlled the subject offices. These representations were false. The subject dental offices were in fact owned and controlled, either entirely or in part, by the Smile Direct entities.

101.    Further, when applying for AOPs for the various dental offices located throughout California, Defendant Sulitzer represented under penalty of perjury that:

i       He accepted legal responsibility and liability for dental services rendered in the offices;

ii      The offices were in compliance with section 1658.1 and all other applicable State and Federal laws, including that the offices were in compliance with the supervision requirements of the Dental Practice Act; and,

iii     In the offices there was visibly posted in an area likely to be seen by all patients using the facility a sign with Sulitzer's name, mailing address, telephone number, and dental license number.

102.    Sulitzer's representations were false. The true facts were that Sulitzer did not accept legal responsibility and liability for dental services rendered in the dental offices. Instead, patients presenting at the offices were requested to execute informed consent forms in which it was stated:

"I release [the Company] from liability for any claims by me or any third party in connection with my participation or use of the invisible aligner treatment," tending to deceive patients into believing that they have no legal recourse for the aligner treatment that Sulitzer was supposedly to render.

103.   Further, the San Francisco Office, Oakland Office, and L.A. Office were not in compliance with section 1658.1 and all other applicable state and federal laws as Sulitzer had affirmatively represented because:

i      As alleged in greater detail below in paragraph 57, the offices failed to comply with the supervision requirements of the Dental Practice Act in that dental assistants were permitted to take without direct supervision health histories and intraoral 3D scan impressions of patients' dentition for the purpose of orthodontic diagnosis and treatment planning, including for the fabrication and manufacture of orthodontic aligners, in violation of Code section 1750.1, subsections (b)(3) and (b)(8); and/or,

ii     Sulitzer failed to post in the dental offices any:

a)     Signage as required by section 1658.1, subsection (c);

b)     Notice of Licensure as required by title 16, CCR section 1065;

c)     Copy of title 16, CCR section 1005 (pertaining to minimum standards for infection control) as required by title 16, CCR section 1005, subsection (b)(3); and/or,

d)     Dental auxiliary duties as required by title 16, CCR section 1068.

104.   As alleged above, Defendants made a number of representations concerning their business, including that this was a way for normal people to obtain incredible financial success.

105.   Defendants' representations described above were false. However, despite knowing of the falsity of their representations, Defendants concealed, and/or failed to disclose material and contrary facts set forth above.

106.   Defendants had a duty to disclose this information to their patients because: it is material information that would reflect the fraudulent nature of the business, and Defendants knew the information was not reasonably discoverable by their patients; Defendants made affirmative representations that were contrary and misleading without the disclosure of this information; and/or Defendants actively concealed this information from their patients, the government and the public.

107.   Defendants concealed and failed to disclose these material facts with the intent to deceive Plaintiff and the Class, including but not limited to risks of engaging in dental practices without conducting an initial exam.

108.   Defendants' concealments and non-disclosure of material facts as set forth above were made with the intent to induce Plaintiffs and the Class to seek services.

109.   Plaintiff and the Class, at the time these failures to disclose and suppressions of facts occurred, and at the time Plaintiff and the Class sought services, were ignorant of the existence of the facts that Defendants suppressed and failed to disclose. If Plaintiff and the Class had known of Defendants' concealments and failures to disclose material facts, they would not have taken the actions they did, including but not limited to seeking dental services from Defendants.

110.   Plaintiff and the Class' reliance was justified and reasonable as they had no basis to doubt the original representations made to them, nor did they have reason to believe they were being misled or material facts were being concealed from them.

111.   As a direct and proximate result of the above, Plaintiff and the Class have suffered damages in an amount to be proven at trial.

112.   Defendants undertook the aforesaid illegal acts intentionally or with conscious disregard of the rights of Plaintiff and the Class, and did so with fraud, oppression, and/or malice. This despicable conduct subjected Plaintiffs and the Class to cruel and unjust hardship so as to justify an award of punitive damages in an amount sufficient to deter such wrongful conduct in the future. Therefore, Plaintiff and the Class are also entitled to punitive damages against Defendants in an amount to be determined at trial. Plaintiff reallege all allegations as if fully set forth herein, and incorporate previous allegations by reference.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Arnold Navarro prays for relief and judgment in favor of himself and the Class as follows:

A.   Injunctive relief sufficient to ensure Defendants refrain from violating the above statutes and disgorgement of all monies paid by patients to Defendants as restitution during the Class Period;

B.     An Order certifying this action to be a proper class action, establishing an appropriate Class and any Subclass(es) the Court deems appropriate, finding that Plaintiff is proper representative of the Class, and appointing the attorneys representing Plaintiff as counsel for the Class; and

C.     An award of attorneys' fees, interest, and costs to Plaintiff's counsel, payable from any class-wide damages recovered by the Class.

D.     An award of punitive damages.

DATED: December 3, 2021                     Respectfully submitted,

Blake J. Lindemann
California Bar No. 255747
E-mail:  blake@lawbl.com
Donna R. Dishbak
California Bar No. 259311
E-mail:  donna@lawbl.com
**LINDEMANN LAW FIRM, APC**
433 N. Camden Drive, 4th Floor
Beverly Hills, CA 90210
Telephone No: 310-279-5269
Facsimile No: 310-300-0267

*Attorneys for Plaintiff and the Proposed Class*

1

## **DEMAND FOR JURY**

2

Plaintiff requests a trial by jury on all issues so triable.

3

DATED: December 3, 2021                    Respectfully submitted,

4

5

6

                                                          Blake J. Lindemann
7                                                        California Bar No. 255747
                                                          E-mail:  blake@lawbl.com
8                                                        Donna R. Dishbak
                                                          California Bar No. 259311
9                                                        E-mail:  donna@lawbl.com
10                                                       **LINDEMANN LAW FIRM, APC**
                                                          433 N. Camden Drive, 4th Floor
11                                                       Beverly Hills, CA 90210
                                                          Telephone No: 310-279-5269
12                                                       Facsimile No: 310-300-0267

13
                                                          *Attorneys for Plaintiff and the Proposed Class*
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28