Krista Enns (SBN: 206430)
Benesch, Friedlander, Coplan & Aronoff LLP
100 Pine Street, Suite 100
San Francisco, CA 94111
Telephone: 628-600-2241
kenns@beneschlaw.com

Michael Dominic Meuti (SBN: 227939)
Benesch, Friedlander, Coplan & Aronoff LLP
200 Public Square, Suite 2300
Cleveland, OH 44114-2378
Telephone: 216.363.4500
Facsimile: 216.363.4588
mmeuti@beneschlaw.com

Erin N. Baldwin (*Pro Hac Vice forthcoming*)
Benesch, Friedlander, Coplan & Aronoff LLP
41 South High Street, Suite 2600
Columbus, OH 43215-6164
Telephone: 614.223.9300
Facsimile: 614.223.9330
enbaldwin@beneschlaw.com

*Attorneys for Defendants SmileDirectClub, Inc., SmileDirectClub, LLC., and Jeffrey Sulitzer*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO/OAKLAND DIVISION**

ARNOLD NAVARRO, *on behalf of himself and others similarly situated*

Plaintiff,

v.

SMILEDIRECTCLUB, INC.; SMILEDIRECTCLUB, LLC; JEFFREY SULITZER; DOES 1–10

Defendants.

**CASE NO. 3:22-CV-00095-WHO**

**DEFENDANTS' OPPOSITION TO MOTION TO REMAND**

Date: March 30, 2022
Time: 2 p.m.
Place: Courtroom 2 - 17th Floor
Judge: Hon. William H. Orrick

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. STATEMENT OF ISSUES

**1.** Supreme Court precedent holds that a corporation is a citizen of both its state of incorporation and the state where its "nerve center"—generally, its headquarters—is located. SmileDirectClub, Inc. is incorporated in Delaware. Its headquarters is in Tennessee, where its high-level officers direct, control, and coordinate its activities. For diversity jurisdiction purposes, is SmileDirectClub, Inc. a citizen of California?

**2.** An individual is considered a citizen of the state where he is domiciled or where he lives and intends to remain. Jeffrey Sulitzer resides in Washington and intends to remain there indefinitely. For diversity jurisdiction purposes, is Sulitzer a citizen of California?

**3.** An unincorporated entity takes on the citizenship of each of its members. No members of SmileDirectClub, LLC are citizens of California. For diversity jurisdiction purposes, is SmileDirectClub, LLC a citizen of California?

*If the Court answers no to the first three questions, it need not address the fourth.*

**4.** Plaintiff alleges that the purported class consists of approximately 100,000 individuals and that SmileDirectClub, LLC has a $100M business in California. His Complaint seeks disgorgement of all moneys that putative class members paid to Defendants. The minimum cost of utilizing Defendants' telehealth platform for aligner treatment during the relevant period was $850. Does the amount-in-controversy surpass $5,000,000 to satisfy CAFA jurisdiction?

## II. INTRODUCTION

Plaintiff Navarro's Motion to Remand to Alameda Superior Court (the "Motion") ignores the applicable legal standards, the applicable burdens of proof, and the factual bases for federal jurisdiction outlined in Defendants' Notice of Removal. Navarro's Motion raises only a facial—not a factual—challenge to federal jurisdiction. The Motion offers no reason to doubt that both CAFA and the diversity statute confer jurisdiction—much less any evidence undermining Defendants' invocation of federal jurisdiction. Moreover, the evidence attached to Defendants' Motion to Compel Arbitration and to this Opposition confirms that federal jurisdiction is proper.

Removal was proper because federal jurisdiction exists under two separate provisions of 28 U.S.C. § 1332. The Court has jurisdiction under § 1332(a) because none of the Defendants is a California citizen, but Navarro—the only plaintiff in this case—is a California citizen. What's more, the Notice of Removal showed that Navarro's Complaint puts more than $75,000 in controversy, and Navarro's Motion to Remand does not suggest otherwise. The Court has diversity jurisdiction.

The Court also has CAFA jurisdiction. Navarro's Complaint seeks to rescind approximately 100,000 contracts and refund all moneys paid under them. Clear-aligner treatment through SmileDirectClub, LLC's telehealth platform currently costs $1950 and during the relevant period has never cost less than $850. When even that lower number is multiplied by the approximate number of contracts Navarro seeks to rescind, there is well over $5 million in controversy. And because no Defendant is a citizen of California, neither CAFA's local-controversy exception, nor its home-state exception can apply. CAFA also confers jurisdiction.

Navarro's Motion for Remand presents neither any difficult issues nor any credible arguments for remand. The Court has jurisdiction and should thus deny Navarro's Motion.

## III. RELEVANT BACKGROUND

On December 3, 2021, Navarro sued Defendants on behalf of himself and a purported class. His Complaint alleges seven causes of action, including declaratory relief, recission of patient contracts, negligence, breach of fiduciary duty, unfair business practices, Consumer Legal Remedies Act, and fraudulent inducement. Dkt. 1-1 (Compl.) ¶¶ 34–112). Navarro sued SmileDirectClub, LLC (the operating company) along with SmileDirectClub, Inc. (a holding company and SmileDirectClub LLC's indirect parent) and Jeffrey Sulitzer (whom Navarro now says he is suing as the LLC's Chief Clinical Officer, *see* Dkt. 22-2 (Decl. of Blake Lindemann in Support of Mot. to Remand to Alameda Super. Ct. ("Lindemann Decl.")) ¶ 2).

Navarro's counsel characterizes the Complaint as alleging that Defendants "engaged in the unauthorized practice of dentistry," Lindemann Decl. ¶ 2, though the actual allegations in the Complaint are less clear. Notably, though Navarro focuses many of his allegations on practices at the physical locations where SmileDirectClub customers may initiate their relationship with SmileDirectClub, known

as "SmileShops," Navarro never alleges that received any services at a SmileShop. And evidence submitted in support of Defendants' Motion to Compel Arbitration shows that he did not receive services at a SmileShop. Dkt. 20 (Decl. of Justin Skinner in Support of Def'ts' Mot. to Compel Arb.) ¶¶ 20–21 ("Skinner Decl.") (explaining that Navarro utilized Defendants' impression kit, rather than a SmileShop).

## IV. LEGAL STANDARD

Navarro's Motion misstates the applicable standards in multiple ways. First, Navarro says that courts apply a presumption against removal. For CAFA removals, however, the Supreme Court has expressly rejected that proposition. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court."). For non-CAFA removals, the Supreme Court has neither endorsed nor expressly rejected such a presumption. *Id.*

Second, Navarro argues that Defendants had a burden in their Notice of Removal to *prove*, with evidence, that federal jurisdiction exists. This too is incorrect. Instead, Defendants' burden was to plausibly allege facts supporting federal jurisdiction. *Id.* Defendants' burden to produce evidence in support of federal jurisdiction does not arise unless and until Navarro contests the jurisdictional allegations. *Id.* Moreover, only factual—as opposed to facial—challenges to jurisdiction trigger Defendants' evidentiary burden. *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964–65 (9th Cir. 2020). At that point, the Court must determine, "by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee*, 574 U.S. at 88.

Here, Navarro does not mount a factual challenge to any of Defendants' jurisdictional allegations, and thus does not trigger any evidentiary burden. Instead of challenging the factual basis supporting Defendants' Notice of Removal, Navarro merely asserts unfounded legal arguments regarding Defendants' states of citizenship. Nonetheless, Defendants—both in prior filings and in conjunction with this Opposition—have supplied evidence sufficient to show jurisdiction by a preponderance of the evidence for those jurisdictional allegations which Navarro has challenged.

## V. ARGUMENT

Defendants' Notice of Removal established federal jurisdiction under both CAFA and § 1332(a).

Both provisions confer jurisdiction here. But to reject Navarro's Motion, the Court need find that jurisdiction exists under only one.

**A. <u>CAFA confers federal jurisdiction and nothing in Navarro's Motion suggests otherwise.</u>**

***1. As Defendants' Notice of Removal established, CAFA confers jurisdiction.***

Federal courts have jurisdiction under CAFA when three requirements are met: (1) minimal diversity of citizenship, (2) a proposed class of at least 100 members; and (3) at least $5 million in controversy. 28 U.S.C. § 1332(d).

***First***, minimal diversity among the parties exists. Navarro is a California citizen. Dkt. 1-1 (Compl.) ¶ 4. None of the Defendants is a California citizen.

SmileDirectClub, Inc. is not a California citizen. Under the diversity statute, a corporation like SmileDirectClub, Inc. is a citizen of its place of incorporation and principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities . . . normally . . . the place where the corporation maintains its headquarters." *Hertz Corp. v. Friend,* 559 U.S. 77, 92–93 (2010). For a holding company, the principal place of business is where board meetings are held. *Fazaei v. Macy's Inc.,* No. 20-cv-00464-RS, 2020 WL 9457055, at *2 (N.D. Cal. Mar. 16, 2020). SmileDirectClub, Inc. is incorporated in Delaware. Dkt. 19 (Decl. of Troy Crawford in Support of Def'ts' Mot. to Compel Arb. ("Crawford Decl.")) ¶ 4. SmileDirectClub, Inc's officers direct and control the corporation from its Nashville headquarters, where it conducts board meetings. Decl. of Jeffrey Sulitzer in Support of Defts' Opp. to Mot. to Remand ("Sulitzer Decl.") ¶ 12. SmileDirectClub, Inc. is therefore a citizen of Delaware and Tennessee, not California.

SmileDirectClub, LLC is not a California citizen, either. Limited-liability companies like SmileDirectClub, LLC take on the citizenship of each of its members.[1] *Johnson v. Columbia Props.*

---

[1] In the Notice of Removal, Defendants mistakenly stated that SmileDirectClub, LLC is a Delaware limited liability company, however, it is in fact a Tennessee limited liability company. Crawford Decl. ¶ 3. Defendants' counsel apologizes for any resulting confusion. This mistake is jurisdictionally irrelevant, as, a limited liability company's state of organization does not determine its citizenship.

*Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). SmileDirectClub, LLC's only member is another LLC, whose members are citizens of Delaware, Michigan, Arizona, Florida, Illinois, and Tennessee, Crawford Decl. ¶¶ 3–4, making SmileDirectClub, LLC a citizen of each of those states as well.[2] As none of its members are California citizens, SmileDirectClub, LLC is therefore not a California citizen.

Defendant Jeffrey Sulitzer is also not a California citizen. An individual's citizenship is determined by his domicile, or where he has established a residence and intends to remain permanently or indefinitely. *Lew v. Moss,* 797 F.2d 747, 749–50 (9th Cir. 1986). The subjective component of the domicile test may be established by objective factors, including residence, voting, property, brokerage or bank account, spouse and family, employment, driver's license, automobile registration, tax payments, and organizational memberships. *Id.* at 750. Based on the above factors, Sulitzer is domiciled in, and therefore a citizen of, Washington.[3] Sulitzer maintains a residence in Woodland, Washington and intends to remain in Washington indefinitely. Sulitzer Decl. ¶ 3. Sulitzer owns property in Washington, pays taxes as a resident of Washington, and is registered to vote in Washington. *Id.* ¶ 5-6. He has a Washington driver's license, and his automobiles are registered in Washington. *Id.* ¶ 7-8. He maintains brokerage and bank accounts in Washington. *Id.* ¶ 9. Furthermore, his spouse lives with him in Washington. *Id.* ¶ 4. While Sulitzer is employed by SmileDirectClub, LLC, he works remotely from his home in Washington. *Id.* ¶ 10. He is a member of the Washington State Dental Association. *Id.* ¶ 11. This evidence establishes that Sulitzer is a Washington, not California, citizen. But even if the Court were to ignore the above, the preponderance of the evidence already in the record supports the conclusion that Sulitzer is a Washington citizen. Exhibit 1 to Navarro's Motion shows that Sulitzer's address on file with the California Dental Board is his Woodland, Washington address. Dkt. 22-3 at 2. Exhibit 3 to Navarro's Motion, Sulitzer's Linkedin profile, also lists Sulitzer's address as being in Woodland, Washington. Dkt. 22-3 at 43. In

---

*Johnson*, 437 F.3d at 899.

[2] Since filing the Notice of Removal, counsel has learned that one of that LLC's members is an Arizona citizen, and through the Crawford Declaration corrects the Notice of Removal's omission of Arizona as a state of citizenship for SmileDirectClub, LLC.

[3] In the Notice of Removal, Defendants mistakenly stated that Defendant Sulitzer was a citizen of Oregon. Defendants' counsel has since learned that he is in fact a citizen of Washington. Defendants' counsel regrets any confusion this oversight may have caused.

short, Navarro offers evidence showing that Sulitzer is a Washington citizen, but no reason to believe that Sulitzer is a California citizen.

Because Defendants have established that no Defendant is a California citizen, CAFA's minimal-diversity requirement is satisfied.

The ***second*** CAFA requirement is also met, as the class consists of more than 100 members. Navarro explicitly alleges that the putative class includes "approximately 100,000 persons in the State of California." Dkt. 1-1 (Compl.) ¶ 28. This allegation, accepted as true, indicates that the class has more than 100 members, and, thus, satisfies this requirement. *Peralta v. Countrywide Home Loans, Inc.*, No. C 09-3288 PJH, 2009 WL 3837235, at * 3 (N.D. Cal. Nov. 16, 2009) ("[t]he requirement of 100 persons or more is satisfied here, as plaintiffs allege that they 'are informed and believe that the entire Class consist[s] of approximately tens of thousands of individuals residing in California"). Navarro does not challenge this number in his Motion to Remand.

***Third***, the $5 million amount-in-controversy requirement is also satisfied. In his Motion to Remand, Navarro offers no evidence that the amount-in-controversy is less than $5 million, offering only unsupported disagreement. This disagreement is curious, as Navarro alleges in the Complaint that Defendants' "California operation" is a $100 million-dollar enterprise. Dkt. 1-1 (Compl.) ¶ 2. Defendants had no burden to include evidence in support of the jurisdiction allegations in the Notice of Removal. *Dart Cherokee*, 574 U.S. at 84, 89. Nevertheless, Defendants cited evidence, in the form of a publicly available website, showing SmileDirectClub, LLC's pricing. Dkt. 1 ¶ 30 (citing *How Much Does Smile Direct Club Cost?*, SMILEDIRECTCLUB, https://smiledirectclub.com/blog/how-much-does-smiledirectclub-cost/ (last visited Jan. 6, 2022)). The Court may take judicial notice of public websites. *Brown v. Google LLC*, 525 F. Supp. 3d 1049, 1061 (N.D. Cal. 2021). Sulizer Decl. Ex. 1 is a PDF copy of that webpage. It shows that customers who are approved for treatment utilizing SmileDirectClub's telehealth platform have two payment options: a lump-sum payment of $1,950 or payments over time totaling $2,386. Sulitzer Decl. ¶ 13. Since December 3, 2017—the start of the putative class period (*see* Dkt. 1-1 (Compl.) ¶ 20), customers who utilized SmileDirectClub, LLC's telehealth platform for clear-aligner treatment have paid no less than $850. *Id.* ¶ 14. Even when only the lowest payment amount is taken into account, only 5,883

customers (5.883% of the "approximately 100,000 California patients" in Navarro's proposed class (Dkt. 1-1 (Compl.) ¶ 2) would need to obtain the requested relief, the "disgorgement of all monies paid by patients to Defendants" (Dkt. 1-1 (Compl.) at Prayer for Relief ¶ A) to surpass the $5 million threshold. (5,883 x $ 850 = $5,000,550.)

***2. Neither the local-controversy exception nor the home-state exception applies.***

Navarro claims that both the local-controversy exception, under 28 U.S.C. § 1332(d)(4)(A), and the home-state exception, under 28 U.S.C. § 1332(d)(4)(B), apply. He is wrong on both fronts.

Both the local-controversy exception to CAFA jurisdiction and the home-state exception to CAFA jurisdiction require that one or more of the defendants is a citizen of the state in which the action is filed. The former instructs a court to decline jurisdiction over a class action in which:

- more than two-thirds of the class members are citizens of the state in which the action was filed;
- at least one defendant is a defendant from which significant relief is sought, whose conduct forms a significant basis for the class's claims, *and who is a citizen of the state in which the action was filed*;
- principal injuries from the alleged conduct were incurred in the state in which the action was originally filed; and
- no other class action has been filed asserting the same or similar claims against defendants in the preceding three-year period.

28 U.S.C. § 1332(d)(4)(A). Similarly, the latter requires that two-thirds of the class members *and the primary defendants are citizens of the state in which the action was filed*. 28 U.S.C. § 1332(d)(4)(B). Because none of the Defendants are California citizens, neither exception applies.

Navarro has not established, and cannot establish, that any of the Defendants are California citizens and thus cannot satisfy either the local-controversy or the home-state exception. As outlined above, none of the Defendants are California citizens under the relevant legal standards. Navarro's only argument for considering SmileDirectClub, LLC to be a California company focuses on the entity's operations. Dkt. 22-1 (Mot.) at 4. This ignores the applicable test for an LLC's citizenship, cited in Defendants' Notice of Removal and *supra*. Dkt. 1 (Not. of Removal) ¶ 9. For both the local-controversy and home-state

exception, the statute considers the defendants' *citizenship*, not the locations in which the defendants operate. 28 U.S.C. § 1332(d). To establish citizenship, courts focus on the relevant factors under the law, rather than nationwide-companies' operating locations. *Hertz Corp.*, 559 U.S. at 93–94 (rejecting approach to principal-place-of-business test that would measure the total amount of business activities conducted by the corporation in the state to determine if they were larger than the next-ranking state); *see also Rodriguez v. Home Depot, USA, Inc.,* No. 16-cv-01945-JCS, 2016 WL 3902838, at *4 (N.D. Cal. July 19, 2016) (determining citizenship of a national retailer based on incorporation and principal place of business). Because not one of SmileDirectClub, Inc., SmileDirectClub, LLC, or Sulitzer is a California citizen, Navarro cannot establish that either the local-controversy or home-state exception applies.

As for the third prong of the local-controversy exception—that the principal injuries from the alleged conduct were incurred in the state in which the action was originally filed—Navarro never experienced the theory of injury that he claims his Complaint pursues. Navarro alleges that injuries arose when dental services were performed at SmileShops. Dkt. 1-1 (Compl.) ¶¶ 16–17; Dkt. 22-1 (Mot.) at 4:19–20. Record evidence, however, shows that Navarro did not receive any services at a SmileShop. Specifically, customers do not need to visit a SmileShop to create an account with SmileDirectClub; instead, they may do so either online, or at a participating dentist or orthodontist office. Dkt. 20 (Skinner Decl.) ¶ 4. Evidence already in the record (attached to Defendants' Motion to Compel Arbitration) shows that Navarro registered online—i.e. he did not procure services through a SmileShop. Skinner Decl. ¶ 20–21. No wonder Navarro's Complaint never alleges that he procured any services at a SmileShop. Navarro therefore never suffered the principal injuries identified in his Motion to Remand and cannot satisfy the third prong of the local-controversy requirement.

**B. <u>Navarro's Motion does nothing to undercut Defendants' showing that 28 U.S.C. § 1332(a) provides a separate basis for federal jurisdiction.</u>**

Defendants' Notice of Removal sufficiently alleged facts showing that the Court has jurisdiction under 28 U.S.C. § 1332(a). As explained above, diversity of citizenship exists between Navarro, a California citizen, and Defendants, non-California citizens. Additionally, Navarro's claims satisfy the $75,000 amount-in-controversy requirement—Navarro alleges medical, hospital, psychological, and

related expenses as well as loss of earning and loss of earning capacity. Dkt. 1-1 (Compl.) at ¶¶ 96–98. Navarro's counsel demanded $90,000 to resolve the case on an individual basis, demonstrating that the purported value of his claims exceeds $75,000. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) ("A settlement letter is relevant evidence of the amount-in-controversy if it appears to reflect a reasonable estimate of the plaintiff's claim.").

In the Motion, Navarro fails to challenge Defendants' showing that his Complaint satisfies 28 U.S.C. § 1332(a)'s amount-in-controversy requirement. When a complaint does not state an amount-in-controversy, a defendant may assert the amount in its notice of removal and need only provide a plausible allegation that the requisite amount is satisfied. *Dart Cherokee*, 574 U.S. at 88–89. No evidentiary submissions are required. *Id* at 84. A defendant bears the burden of showing the amount-in-controversy by a preponderance of the evidence only when a plaintiff contests that the standard has been satisfied. *Id.* at 88; *see also Conroy v. Ridge Tool Co.*, No. 4:20-cv-05882-YGR, 2020 WL 8641963, at *1 (N.D. Cal. Nov. 18, 2020) (not analyzing amount-in-controversy where defendant asserted it was satisfied and plaintiff did not dispute that assertion); *Tinoco v. Walmart Inc.*, No. 20-cv-01602-BLF, 2020 WL 2829830, at *2 n. 1 (N.D. Cal. June 1, 2020) (finding that where the amount-in-controversy was uncontested the defendant need only include plausible allegations that amount-in-controversy was met); *Langston v. T-Mobile, Inc.*, No. LA CV18-01972 JAK (ASx), 2018 WL 2382464, at *4 (C.D. Cal. May 24, 2018) (noting that "evidence establishing the amount-in-controversy is only required when the plaintiff contests the defendant's allegations threreof"). Defendants have therefore met their burden by plausibly alleging that the amount-in-controversy has been met.

While he does not contest the amount-in-controversy, Navarro does contest Defendants SmileDirectClub, Inc. and Sulitzer's citizenships for purposes of establishing diversity jurisdiction. Dkt. 22-1 (Mot.) at 5–6. But Navarro's challenge to SmileDirectClub, Inc.'s citizenship misapplies the standard set forth in *Hertz Corp. v. Friend*. Navarro argues that the SmileShops—operating branches of Defendants' business—are SmileDirectClub, Inc.'s nerve centers. Dkt. 22-1 (Mot.) at 5–6. It's difficult to count the number of ways this argument is wrong and, unsurprisingly, Navarro asserts no authority supporting it. He ignores the Supreme Court's admonition, cited above, that the nerve center is found

typically at the corporation's headquarters, where the officers direct and control the corporation's activities. *Hertz Corp.*, 559 U.S. at 92–93. Navarro also ignores publicly available information confirming the Notice of Removal's statement that SmileDirectClub, Inc.'s headquarters is in Nashville, Tennessee. SmileDirectClub, Annual Report (Form 10-K) (Mar. 12, 2021) at 18 (explaining that SmileDirectClub, Inc.'s "team members at [its] Nashville headquarters include [its] executive team, as well as team members responsible for [its] customer care, marketing, finance, legal, people and organization, information technology, data science, and analytics"). As shown above, SmileDirectClub, Inc. is a citizen of Delaware and Tennessee and is therefore diverse from Navarro.

Navarro's arguments as to Sulitzer's citizenship likewise fall short. Navarro states that "[a] google search for Defendant Sulitzer suggests various holdings and operations in California." Dkt. 22-1 (Mot.) at 6. Navarro does not elaborate on what "various holdings and operations" means, nor does he cite case law holding that an individual's citizenship should be determined by his "holdings and operations." In contrast, Defendants have shown above that Defendant Sulitzer is a citizen of Washington, and they have done so by a preponderance, and then some. As such, his citizenship is diverse from Navarro's.

**C. Navarro's request for fees is both unjustified and unjust.**

Incredibly, Navarro closes his Motion with a request for fees based on Defendants' "improper" removal of this matter to federal court. Dkt. 22-1 (Mot.) at 6. Navarro has no good-faith basis to request fees. In fact, Navarro's lacks a good-faith basis for filing his Motion to Remand. As shown above, Navarro's arguments supporting remand lack a foundation and misconstrue basic jurisdictional standards. If any fee-shifting should occur at all, Navarro should be required to pay Defendants' fees incurred in responding to the "arguments" in his Motion.

## VI. CONCLUSION

Defendants have established that federal jurisdiction is proper under both 28 U.S.C. § 1332(a) and 28 U.S.C. § 1332(d). The Court should deny Plaintiff Navarro's Motion to Remand.

Dated: February 28, 2022

Respectfully submitted,

/s/ *Michael D. Meuti*

Michael Dominic Meuti (SBN: 227939)
BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
200 Public Square, Suite 2300
Cleveland, OH 44114-2378
Telephone: 216.363.4500
Facsimile: 216.363.4588
mmeuti@beneschlaw.com

Krista Enns (SBN: 206430)
BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
100 Pine Street, Suite 100
San Francisco, CA 94111
Telephone: 628.600.2241
kenns@beneschlaw.com

-and-

Erin N. Baldwin (*Pro Hac Vice forthcoming*)
BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
41 South High Street, Suite 2600
Columbus, OH 43215-6164
Telephone: 614.223.9300
Facsimile: 614.223.9330
enbaldwin@beneschlaw.com

*Attorneys for Defendants SmileDirectClub, Inc.; SmileDirectClub, LLC; and Dr. Jeffrey Sulitzer*