Krista M. Enns (CA 206430)
Michael D. Meuti (CA 227939)
Sydney E. Allen (CA 315407)
**Benesch, Friedlander, Coplan & Aronoff LLP**
100 Pine Street, Suite 3100
San Francisco, California 94111
Telephone:   628.600.2250
Facsimile:    628.221.5828
kenns@beneschlaw.com
mmeuti@beneschlaw.com
seallen@beneschlaw.com

*Attorneys for Defendants SmileDirectClub, Inc.; SmileDirectClub, LLC; Jeffrey Sulitzer; and Jeffrey Sulitzer, D.M.D., P.C.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Arnold Navarro, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>SmileDirectClub, Inc., et al.,<br><br>　　　　Defendants. | Case No. 3:22-cv-00095-WHO<br><br>Judge: Hon. William H. Orrick<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date Removed: January 6, 2022 |

Pursuant to this Court's Order dated June 1, 2022, the Parties submit this Case Management Statement.

**DEFENDANTS' STATEMENT:**

On September 15, 2022, Navarro filed an arbitration demand with two counts for declaratory relief to determine whether the dispute is arbitrable and a third count asking, if the first two counts were decided against Navarro, to resolve the substantive dispute presented in the First Amended Complaint filed with this Court. The demand named SmileDirectClub, Inc. and SmileDirectClub, LLC (collectively, "SDC entities") as respondents.

The AAA appointed Hon. Michael J. Seng (ret.) as an arbitrator on April 28, 2023. After a preliminary hearing, briefing, and argument, Arbitrator Seng issued an Order on August 21, 2023 concluding that the dispute is arbitrable. In Navarro's original brief, he raised an argument regarding the AAA's Health Care Due Process Protocol. He withdrew that argument in his reply brief.

Navarro filed a second Demand for Arbitration with the AAA on September 8, 2023, this time naming the SDC entities, plus Dr. Jeffrey Sulitzer, and Sulitzer P.C. as respondents. Navarro's second arbitration demand pursues the same seven substantive claims identified in the first arbitration demand and in the First Amended Complaint filed in this Court.

Arbitrator Seng held a telephonic status conference on September 11, 2023. Respondents objected to Plaintiff's filing his second Demand for Arbitration while the first demand remained pending. At the hearing, Arbitrator Seng ordered simultaneous informal briefing on whether discovery should be permitted before briefing on the issue of clause construction, under Rule 3 of the AAA's Supplementary Rules for Class Arbitration. Arbitrator Seng reiterated that order in his Second Management Order, dated September 11, 2023. He did not suggest in that order that he had any question whether the arbitration would proceed, nor did he suggest that Navarro had sought to dismiss his first arbitration demand (the only one being actively arbitrated). The parties submitted their briefs on September 25, 2023.

Plaintiff has not filed any written request to dismiss the first arbitration demand. Defendants do not recall a formal oral request, either. Instead, Defendants' recollection is that at the hearing, the Arbitrator offered Plaintiffs the opportunity to move to amend their demand, but Plaintiff's counsel

resisted that offer, contending that there were no active claims before the Arbitrator. Defendants further recall that when Plaintiff's counsel suggested that if any claims remained before the Arbitrator, he might move to dismiss them, the Arbitrator warned him that dismissing them would risk a dismissal with prejudice.

Arbitration proceedings are currently stayed under the Bankruptcy Code's automatic stay. On September 29, 2023, SmileDirectClub, Inc.; SmileDirectClub, LLC; and certain affiliated entities (each a "Debtor" and collectively, the "Debtors") filed a voluntary petition for reorganization in the U.S. Bankruptcy Court for the Southern District of Texas. Arbitration proceedings are currently stayed as against the Debtors under the Bankruptcy Code's automatic stay. On October 3, 2023, SmileDirectClub, Inc. and SmileDirectClub, LLC filed a Notice of Suggestion of Bankruptcy with the AAA. On October 18, 2023, the AAA sent a letter notifying the parties that because the bankruptcy petition stays proceedings automatically, the AAA was suspending administration of the matter.

Defendants have not in any way waived the Bankruptcy Code's automatic stay, as (a) proceedings in this Court were stayed before the bankruptcy, (b) the AAA has stayed substantive proceedings in light of the bankruptcy, (c) Defendants have not insisted on any proceedings on their substantive claims, and (d) Defendants have not intentionally relinquished any rights under the automatic stay. Currently no motion for relief from stay has been granted by the Bankruptcy Court. Regardless, out of an abundance of caution, Defendants will file a Suggestion of Bankruptcy on the docket.

**PLAINTIFF'S STATEMENT:**

On September 15, 2022, Plaintiff Arnold Navarro ("Plaintiff") filed an arbitration demand stating certain causes of action. The demand named SmileDirectClub, Inc. and SmileDirectClub, LLC (collectively, "SDC entities") as respondents.

The AAA appointed Hon. Michael J. Seng (ret.) as an arbitrator on April 28, 2023. After a preliminary hearing, briefing, and argument, Arbitrator Seng issued an Order on August 21, 2023. The Arbitrator did not decide whether the case lacked arbitrability for failure to have the AAA informed consent document.

Plaintiff filed a second Demand for Arbitration with the AAA on September 8, 2023, this time

1  naming the SDC entities, plus Dr. Jeffrey Sulitzer, and Sulitzer P.C. as respondents, and adding claims,
2  and has sought to raise with AAA administratively, that the dispute is not arbitrable based on the lack of
3  entering into an applicable AAA informed consent document.
4        Arbitrator Seng held a telephonic status conference on September 11, 2023.  Respondents have
5  objected to Plaintiff's filing his second Demand for Arbitration while the first demand remained pending.
6  The regarding lack of arbitrability based on a lack of health care protocol has not been ruled on
7  administratively or otherwise by the AAA.  At the hearing, Arbitrator Seng ordered simultaneous informal
8  briefing on whether discovery should be permitted before briefing on the issue of clause construction,
9  under Rule 3 of the AAA's Supplementary Rules for Class Arbitration, assuming such arbitration even
10 goes forward.  The parties submitted their briefs on September 25, 2023.   Plaintiff also has a request to
11 dismiss the first arbitration demand given the arbitrator ruled on the only issues before him.  The request
12 to dismiss the first arbitration has not been adjudicated.
13       Navarro points out that the bankruptcy defendants failed to file a suggestion or notice of
14 bankruptcy in accordance with the Northern District Rules and believes that Defendants' insistence on
15 proceeding reflects a waiver of the automatic stay.  Currently no motion for relief from stay has been
16 granted by the Bankruptcy Court.

                              Respectfully submitted,

DATED: December 1, 2023                 LINDEMANN LAW FIRM, APC

                              */s/ Blake J. Lindemann (with permission)*
                              BLAKE J. LINDEMANN
                              Attorneys for Plaintiffs
                              ARNOLD NAVARRO AND ALL THOSE
                              SIMILARLY SITUATED

DATED: December 1, 2023                 BENESCH FRIEDLANDER COPLAN
                              ARONOFF LLP

                              */s/ Michael Dominic Meuti*
                              Michael Dominic Meuti
                              Attorney for Defendants
                              SmileDirectClub, Inc.; SmileDirectClub, LLC;
                              Jeffrey Sulitzer; and Jeffrey Sulitzer, D.M.D., P.C.

# ATTESTATION

I, Michael Dominic Meuti, am the ECF user whose identification and password are being used to file this Joint Case Management Statement.

Opposing counsel consented to adding his signature to a prior version of this document that did not contain the paragraph spanning page 2, line 25 through page 3, line 4.  During the exchange of drafts, opposing counsel had reviewed a version of the Joint Case Management Statement that contained that text in a footnote and did not object to the substance of that footnote.  After adding that paragraph, counsel for Defendants twice emailed and called Navarro's counsel regarding that addition, but Navarro's counsel did not timely respond to the email requesting that he reaffirm his consent to the inclusion of this paragraph in the Joint Case Management Statement.  I informed Navarro's counsel that I would file this statement with the inclusion of the paragraph.

I attest under penalty of perjury that concurrence in this filing has been obtained from all signatories above with the caveat described above.

DATED: December 1, 2023                    */s/ Michael Dominic Meuti*